UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO . 08-61849-CIV-O'SULLIVAN

[CONSENT]

CARLOS VITOLA, et al.,
    Plaintiffs,

vs.

PARAMOUNT AUTOMATED FOOD
SERVICES, INC. et al.,
    Defendants.
_____/

### ORDER

THIS MATTER comes before the Court on Defendants' Motion in Limine (DE# 163, 11/25/09). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that Defendants' Motion in Limine (DE# 163, 11/25/09) is **DENIED**. The defendants seek to preclude the plaintiffs from "offering any evidence of liability or damages other than on their FLSA minium wage claim in Count I of the Fourth Amended Complaint, based upon the discovery and disclosures made by Plaintiffs." See Defendants' Motion in Limine (DE# 163 at 1, 11/25/09). The defendants' motion is premised on the plaintiff's failure to identify the precise nature and extent of the damages claimed. Id. at 5.[1]

Rule 37(c)(1) of the Federal Rules of Civil Procedure states in part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, **unless the failure was substantially justified or is harmless**.

Fed. R. Civ. P. 37(c)(1) (emphasis added). The following factors should guide the court in

---

[1] On December 7, 2009, plaintiffs Carlos Vitola, Rafael Mejia, Cesar Chiquillo, Alberto Subervi and Luis Perez served Supplemental Answers to Defendants' Interrogatories. See Plaintiffs' Notice of Filing Composite Exhibit in Opposition to Defendants' Motion in Limine (DE# 171, 12/8/09). Plaintiff Luis Soto's Supplemental Answers to Defendants' Interrogatories were not included in the plaintiffs' filing. Id.

determining whether to exclude evidence pursuant to Rule 37(c)(1): "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." Int'l Truck and Engine Corp. v. Caterpillar, Inc., No. 1:03-CV-265, 2004 WL 3217760, * 1 (N.D. Ind. May 26, 2004) (citing David v. Caterpillar, Inc., 324 F. 3d 851, 857 (7th Cir. 2003)). The Court finds that in the instant case the plaintiffs' failure to supplement their responses to damage discovery is harmless. Here, the defendants cannot claim surprise or prejudice with respect to the nature of the plaintiffs' damages. This case has been extensively litigated and the nature of the plaintiffs' damages is clear. To the extent that the defendants claim prejudice as to the calculation of these damages, that prejudice can easily be remedied by requiring the plaintiffs to file a good faith calculation (see infra). There are approximately two and a half months before trial. Thus, the disruption to the trial is unlikely. Lastly, there is no evidence of bad faith or willfulness on the part of the plaintiffs in failing to supplement their damage discovery. Accordingly, the instant motion is denied. It is further

ORDERED AND ADJUDGED that on or before **Wednesday, December 23, 2009**, the plaintiffs shall provide the defendants with a good faith calculation of the exact amount of "fraud" damages for each plaintiff. The defendants may conduct additional discovery or provide an expert report up to and including **Monday, February 1, 2010**.

DONE AND ORDERED in Chambers at Miami, Florida, this **17th** day of December, 2009.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record