UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO . 08-61849-CIV-O'SULLIVAN

[CONSENT]

CARLOS VITOLA, et al.,

    Plaintiffs,

vs.

PARAMOUNT AUTOMATED FOOD
SERVICES, INC. et al.,

    Defendants.
_____/

## ORDER

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Counts III, IV, V and VI of Plaintiffs' Fourth Amended Complaint (DE# 169, 12/4/09). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Counts III, IV, V and VI of Plaintiffs' Fourth Amended Complaint (DE# 169, 12/4/09) is **GRANTED in part and DENIED in part** as stated herein.

The defendants seek to dismiss counts III and IV of the Fourth Amended Complaint because the Court previously granted the defendants' motion to dismiss on these claims. See Defendants' Motion to Dismiss Counts III, IV, V and VI of Plaintiffs' Fourth Amended Complaint (DE# 169 at 2, 12/4/09). On October 6, 2009, the Court entered an Order dismissing Count IV as duplicative of Count II and entering summary final judgment for the defendants on Count III based on the Motor Carrier Exemption. See Order (DE# 135, 10/6/09). The plaintiffs acknowledge that the Court has already dismissed counts III and IV but "chose to re-plead [them] so as to avoid any argument by Defendants in the future, should Plaintiffs appeal the granting of partial summary judgment, that they (Plaintiffs) had abandoned those claims." See

Plaintiffs' Response to Defendants' Motion to Dismiss Counts III, IV, V and VI of Plaintiffs' Fourth Amended Complaint (DE# 174 at 2, 12/18/09). The Court finds no basis in law for the plaintiffs' contention that they must continue to reassert dismissed claims in order to preserve the issue on appeal. Accordingly, counts III and IV of the Fourth Amended Complaint are DISMISSED.

The defendants also seek to dismiss counts V and VI of the Fourth Amended Complaint. As to these counts, the defendants argue that because the claims raised in Count V and Counts VI are not addressed in the Corrected Pretrial Stipulation (DE# 147-1), these claims should be deemed abandoned and the Court should enter an order of dismissal. See Defendants' Motion to Dismiss Counts III, IV, V and VI of Plaintiffs' Fourth Amended Complaint (DE# 169, 12/4/09). The plaintiffs respond that the defendants have overlooked language in the Corrected Pretrial Stipulation alluding to these claims and have raised legal defenses to the same claims. See Plaintiffs' Response to Defendants' Motion to Dismiss Counts III, IV, V and VI of Plaintiffs' Fourth Amended Complaint (DE# 174 at 3, 12/18/09). The defendants point out that "[t]here is no legal authority or rule to support Plaintiffs' unorthodox position that they can use Defendants' preservation of defenses to resurrect claims plaintiffs chose not to include in the corrected Pretrial Stipulation." See Defendants' Reply in Support of Motion to Dismiss Counts III, IV, V and VI of Plaintiffs' Fourth Amended Complaint (DE# 176 at 1, 12/23/09).[1]

While stipulations are not to be set aside lightly, courts have broad discretion in determining whether to hold a party to a stipulation. Morrisson v. Genuine Parts Co., 828 F. 2d 708 (11th Cir. 1987), cert. denied. 484 U.S. 1065 (1988). Here, while the plaintiffs did not

---

[1] The Court notes that the defendants, themselves, have not cited to any legal authority to support their motion. Local Rule 7.1 (A), provides that, with certain enumerated exceptions, "[e]very motion when filed shall include or be accompanied by a memorandum of law citing supporting authorities." See S.D. Fla. L.R. 7.1 (A). Motions to dismiss are not within the enumerated exceptions. Moreover, as the movants, the defendants have the burden of proof. See Larsen v. AirTran Airways, Inc., No. 8:07CV00442 T17TBM, 2007 WL 2320592, *3 (M.D. Fla. Aug. 10, 2007) (under Fed. R. Civ. P. 12(b)(6) the party moving for dismissal has the burden to prove that no claim has been stated.)

specifically list the breach of employment contract (Count V) and unjust enrichment (Count VI) claims as issues of law to be determined by the Court, the plaintiffs' statement provides in its entirety that: "There are no issues of law, **other than those raised below in the Defendants' Statement**." See Corrected Pretrial Stipulation (DE# 147-1 at 5, 11/17/09) (emphasis added). The defendants' statement raises issues related to both the breach of employment contract and unjust enrichment claim. Id. at 5-6. Similarly, while the plaintiffs did not raise issues of fact related to the breach of employment contract or unjust enrichment claims, the defendants' statement listed "[a]ny other issues of fact joined by the pleadings." Id. at 5. Accordingly, the Court finds that these claims have not been abandoned by the plaintiffs and the defendants are not entitled to an order of dismissal.

> The defendants further request:
>
> leave to supplement the Corrected Pretrial Stipulation by interlineation to add the affirmative defenses of election of remedies and the statute of frauds. Defendants also request that this Court order that Plaintiffs provide good faith calculations on the exact amount of FMWA minimum wage, breach of contract and unjust enrichment damages for each Plaintiff, and that Defendants be allowed to conduct discovery and/or provide expert reports.

See Defendants' Reply in Support of Motion to Dismiss Counts III, IV, V and VI of Plaintiffs' Fourth Amended Complaint (DE# 176 at 2, 12/23/09). The defendants' request is granted in part. Accordingly, it is

ORDERED AND ADJUDGED that on or before **Monday, January 11, 2010**, the parties shall file a revised Corrected Pretrial Stipulation containing the affirmative defenses of election of remedies and the statute of frauds. It is further

ORDERED AND ADJUDGED that on or before **Monday, January 11, 2010**, the plaintiffs shall file good faith damage calculations relating to their FMWA minimum wage claim, breach of employment contract claim and unjust enrichment claim. It is further

ORDERED AND ADJUDGED that the parties are permitted to conduct discovery and/or

provide expert reports in accordance with the deadlines set forth in the Court's prior Order (DE# 173, 12/17/09).

      DONE AND ORDERED in Chambers at Miami, Florida, this **28th** day of December, 2009.

                                            JOHN J. O'SULLIVAN
                                            UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record